IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIRANDA S., by and through her
Parent, MONIQUE M.
of Upper Darby, PA

        Plaintiffs

v.

LABORATORY CHARTER SCHOOL
926 Sedgley Avenue
Philadelphia, PA 19140

        Defendant

:  Civil Action

:  No.

## COMPLAINT

### I. Preliminary Statement

1. Miranda S. ("Miranda"), a minor child with disabilities, and her Parent, Monique M. (collectively referred to as "Plaintiffs" or "Family"), bring this action to recover reasonable attorneys' fees and costs as the prevailing parties in a special education due process hearing. Miranda is a child with disabilities under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and its federal and state implementing regulations. She is a qualified handicapped person under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. After a protracted one-day due process hearing, a Pennsylvania Special Education Hearing Officer determined that the District denied a Free Appropriate Public Education ("FAPE") to Miranda during her kindergarten year under IDEA and Section 504. *Miranda S. v. Laboratory Charter School*, Pa. ODR No. 24496-20-21 (April 19, 2021) ("Decision") (attached as Exhibit A).

### II. Parties

3. Miranda was born in 2013 and was at all relevant times to this complaint a resident

1

of Philadelphia and student in the Laboratory Charter School.

4. Monique is Miranda's parent. At all relevant times they resided together in Philadelphia.

5. Defendant Laboratory Charter School ("Defendant" or the "Charter") is located at 926 Sedgley Avenue, Philadelphia, Pennsylvania. The Charter is the recipient of several sources of federal funds and is a Local Educational Agency ("LEA") under Pennsylvania law for the provision of educational services to resident children under IDEA, Section 504, and Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code §§ 14.131 to 14.133; *see also*, *e.g.*, 24 P.S. Chapter 13; and 22 Pa. Code Chapters 14 and 15.

### III. Jurisdiction and Venue

6. This Court has original jurisdiction over the dispute in this matter pursuant to 28 U.S.C. § 1331 because it is a civil action arising under IDEA and Section 504, which are laws of the United States.

7. All the Defendant's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

8. Plaintiffs have exhausted their administrative remedies as required under 20 U.S.C. § 1415(i), having timely pursued a fully successful special education due process hearing, at which they prevailed.

9. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), 34 C.F.R. § 300.517; Section 504, 29 U.S.C. § 794a; and 28 U.S.C. §§ 2201, 2202, providing for

2

declaratory and any further relief deemed necessary and proper.

### IV. Additional Facts Supporting Liability

10. The due process hearing involving the evaluation and program for Miranda was conducted in one session. In her Decision dated April 19, 2021, the presiding Hearing Officer, Cathy A. Skidmore, correctly held that the Charter failed to provide Miranda with FAPE during her kindergarten school year. The Decision also determined that the actions of the Charter denied Parent the ability to meaningfully participate in the evaluation and program development process and awarded 144 hours of compensatory education. Therefore, the Family is entitled to a full award of statutory attorneys' fees and costs as the prevailing party.

### V. Statutory Authority

10. IDEA and Section 504 each permit Plaintiffs to recover reasonable attorneys' fees when they prevail in an action or proceeding. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 330.517; 29 U.S.C. § 794a.

11. Plaintiffs are the prevailing parties below, having obtained significant substantive relief in the due process proceedings, and are entitled to an award of statutory attorneys' fees and costs, including the time spent litigating the entitlement to attorneys' fees. *Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey*, 297 F.3d 253, 268 (3d. Cir. 2002).

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii);

3. Award Plaintiffs reasonable attorneys' fees and costs for both the Due Process

proceedings and the present action; and

4. Grant such other relief as this Court deems proper.

Respectfully submitted,

*Kimberly A. Caputo*
Kimberly A. Caputo, Esquire
ID No. 56993


*John W. Goldsborough*
John W. Goldsborough, Esquire
ID No. 73063


*Dennis C. McAndrews*
Dennis C. McAndrews, Esquire
ID No. 28012


McANDREWS, MEHALICK, CONNOLLY,
HULSE & RYAN P.C.,
30 Cassatt Avenue
Berwyn, PA
(610) 648-9300 (phone)
(610) 648-0433 (fax)
Attorneys for Plaintiffs